#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEW MEXICO

GERALDINE JEWELL,

    Plaintiff,

v.                                              Case No. 1:22-cv-00461

ADMIRAL BEVERAGE CORPORATION,
a foreign profit corporation, and
THE KROGER CO., a foreign profit
corporation, d/b/a SMITH'S FOOD AND DRUG,

    Defendants.

#### NOTICE OF REMOVAL

      Defendant Admiral Beverage Corporation ("Admiral"), by and through its counsel of record, Modrall, Sperling, Roehl, Harris & Sisk, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico, County of Bernalillo, Second Judicial District Court, to the United States District Court for the District of New Mexico. Admiral files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. This Court has original jurisdiction over this action because diversity of citizenship exists between Plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      In support of this removal, Admiral states as follows:

**I.**     **Introduction**

      1.       On May 18, 2022, Plaintiff Geraldine Jewell filed a lawsuit against Admiral and The Kroger Co. (hereinafter "Kroger") in the State of New Mexico, County of Bernalillo, Second Judicial District Court, captioned as *Geraldine Jewell v. Admiral Beverage Corporation, a for profit corporation, and The Kroger Co., a for profit corporation d/b/a Smith's Food and Drug*,

No. D-202-CV-2022-02727. A true and correct copy of the Complaint and all documents filed in the Second Judicial District Court are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ. 81.1(a). Plaintiff served the Complaint on Admiral on May 23, 2022.

2. In Plaintiff's Complaint, she alleges that she injured herself when she tripped and fell over a pallet while shopping in a Smith's Supermarket. Exhibit A, Complaint, ¶¶ 4-5. Plaintiff further alleges that this pallet had been placed by agents and employees of Admiral, and that both Kroger and Admiral were negligent in allowing the pallet to remain unsupervised in a location and condition that made it possible for Plaintiff to trip over the pallet. *Id.* at ¶¶ 7-8.

3. Plaintiff states she suffered significant physical and emotional injuries from this incident. *Id.* ¶ 8. Specifically, Plaintiff claims that, as a result of her fall, she sustained "emotional distress, a permanent impairment, pain and suffering, and cosmetic disfigurement." *Id.* Plaintiff seeks to recover damages for "past and future medical bills, emotional distress, a permanent impairment, pain and suffering, and cosmetic disfigurement." *Id.*

4. The face of Plaintiff's Complaint does not pray for a specific amount of damages, but she represented to the district court that this case is not subject to referral to arbitration under state court rules because she "seeks an award in excess of $25,000." Exhibit A, Certification Regarding Arbitration.

5. Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within 30 days after Admiral's receipt of a "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

6. As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Admiral has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     The Procedural Requirements for Removal Have Been Satisfied

7. The United State District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial district Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this District under 28 U.S.C. § 1441(a) because it is the District Court embracing the place where this action is pending.

8. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District are attached hereto as Exhibit A.

9. Pursuant to U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico.

10. No previous application has been made for the relief requested herein.

11. No responsive pleadings to Plaintiff's Complaint have been filed in the state court action and no other parties have appeared in that proceeding.

12. Consent of "all defendants who have been properly joined and served" is required to properly effectuate removal. 28 U.S.C. § 1446(b)(2)(A). Admiral and Kroger are the only two defendants that have been properly served. Having filed this notice, Admiral necessarily consents to removal. Admiral's counsel obtained Kroger's consent to this removal on June 7, 2022.

## III.    Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

13. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

**A. Complete Diversity of Citizenship Exists Between the Parties**

14. Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

15. Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico. Exhibit A, Complaint, ¶ 2.

16. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business."

17. Admiral is a foreign corporation, organized and existing under the laws of the State of Wyoming, with its principal place of business in the State of Wyoming. Admiral is therefore a citizen of the State of Wyoming for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

18. Kroger is a foreign corporation, organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Kroger is therefore a citizen of the State of Ohio for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

19. Accordingly, neither Admiral nor Kroger is a citizen of the State of New Mexico for the purposes of diversity jurisdiction.

20. Because Plaintiff is a citizen of New Mexico, Admiral is a citizen of Wyoming, and Kroger is a citizen of Ohio, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

## B. The Amount in Controversy Requirement is Satisfied.

21. Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff instead claims damages for "past and future medical bills, emotional distress, a permanent impairment, pain and suffering, and cosmetic disfigurement." Exhibit A, Complaint, ¶ 8.

22. "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*; *Enriquez v. Almaraz*, No. 19-CV-15-MV-KBM, 2019 WL 2330880, at *1 (D.N.M. May 31, 2019).

23. "The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

24. "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954.

25. In the Complaint, Plaintiff claims she suffered a "permanent impairment" and a "cosmetic disfigurement" as a result of the fall. Exhibit A, Complaint, ¶ 8. In addition to past and

future medical expenses, Plaintiff is seeking damages for "emotional distress" and "pain and suffering." *Id.*

26. Juries in New Mexico have awarded compensatory damages in excess of the jurisdictional threshold in cases where a plaintiff suffers a permanent impairment as a result of a fall on premises owned by the defendant. *See e.g.*, *Christie v. University of New Mexico,* JVR 462309 (N.M. Dist. Ct. 2004) 2004 WL 5316984 (jury awarded $225,169 in premises liability action where plaintiff slipped on ice, fractured his patella, and suffered a permanent impairment as a result); *Wilkins v. Truck Stops of America*, No. CIV 85-0313M, 1986 WL 311982 (D.N.M. 1986) (jury awarded $1,500,000 in premises liability action where plaintiff slipped on defendants premises and suffered a permanent bowel impairment, among other injuries).

27. Similarly, a New Mexico jury has awarded compensatory damages in excess of the jurisdictional threshold in cases where a plaintiff suffers a disfigurement. *See McCullough v. Lamure*, JVR No. 65108 (N.M. Dist. Ct. 1990) 1990 WL 467110 (jury awarded $276,583 in compensatory damages in negligence action where plaintiff suffered a disfigurement to his hand while driving defendant's vehicle).

28. A review of jury awards such as these has been sufficient to establish the propriety of removal jurisdiction in individual diversity cases. *Marrujo v. Swift Transportation Co.,* CIV No. 98-1222 BB/DJS, mem. op. (D.N.M. Aug. 6, 1999) (denying remand of removed action based on defendant's analogy to jury verdicts in cases with similar alleged injuries).

29. The above-mentioned cases reference only a fraction of those cases involving negligence, premises liability, permanent impairments, and disfigurement. Cases involving a plaintiff who suffers both a permanent impairment and a disfigurement as a result of a fall on defendant's premises often result in even larger verdicts. *See e.g. Hertzon v. Rick Case Hyundai*,

6

2011 WL 7477180 (Fla. Cir. Ct. 2011) (jury awarded $375,707.75 in compensatory damages in premises liability case where plaintiff slipped on an oily substance at a car dealership and suffered injuries including physical impairment and disfigurement); *Bryan v. Airgas Intermountain, Inc.*, JVR No. 1304030007 (Colo. Dist. Ct.) 2012 WL 7827945 (jury awarded $707,319 in compensatory damages in premises liability case where plaintiff fell in a parking lot owned by defendants and suffered a permanent impairment and a disfigurement to his ankle); *Tuttle v. Indiana Dep't of Ins.*, JVR No. 2004090031 (Ind. Super. Ct. 2019) 2019 WL 8402598 (jury awarded $950,000 in compensatory damages to plaintiff who fell at a hospital, injuring his spine and resulting in permanent impairment and disfigurement); *Ly v. Loon Fong Chinese & Vietnamese Rest.,* 2021 WL 6275529 (Fla. Cir. Ct. 2021) (jury awarded $197,455 in compensatory damages in premises liability case where plaintiff slipped and fell in defendant's restaurant, suffering permanent impairment and disfigurement).

30. Accordingly, Admiral has set forth a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Graham*, 2015 WL 1568433, at *6. Further, Plaintiff cannot establish that it is legally certain that the controversy is worth less than the jurisdictional minimum. The facts and theories of recovery in Plaintiff's Complaint easily establish that Plaintiff seeks to "put in play" an amount well in excess of $75,000. As such, Admiral has satisfied the jurisdictional amount threshold.

31. While Admiral disputes Plaintiff's claims in her Complaint, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied by the injuries, allegations, and damages Plaintiff has set forth, and this case is therefore appropriate for removal.

Case 1:22-cv-00461-SCY-JFR   Document 1   Filed 06/17/22   Page 8 of 9

## IV. Conclusion

32. Admiral has satisfied all requirements for removal and reserve the right to amend this Notice.

WHEREFORE, Admiral respectfully removes this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

    Respectfully submitted,

    MODRALL, SPERLING, ROEHL, HARRIS
      & SISK, P.A.

    By: */s/ Alex Walker*
      Alex C. Walker
      Seth J. Barany
      Post Office Box 2168
      500 Fourth Street NW, Suite 1000
      Albuquerque, New Mexico  87103-2168
      Telephone: 505.848.1800
      awalker@modrall.com
      sbarany@modrall.com

    *Attorneys for Defendant Admiral Beverage Corporation*

8

WE HEREBY CERTIFY that on the 17th day of June, 2022, we filed the foregoing electronically through the CM/ECF system and served the following counsel via electronic mail:

>Joseph M. Fine
>Charlotte L. Itoh
>Fine Law Firm
>202 Ninth St. NW
>Albuquerque, NM 87102
>lawyers@thefinelawfirm.com
>Charlotte@thefinelawfirm.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Alex Walker*
   Alex C. Walker

*W4431146.DOCX*